CHARLES B. GILL, SR.,

                Plaintiff,

v.                                                         Case No. 23-cv-256-pp

JOSEPH TEIGEN, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 25), DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 36) AND DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES (DKT. NO. 39)**

        Plaintiff Charles B. Gill, Sr. is proceeding under 42 U.S.C. §1983 on state and federal claims. Before the court are the plaintiff's motions for a preliminary injunction (Dkt. No. 25), default judgment (Dkt. No. 36) and to strike the answer and affirmative defenses of two defendants (Dkt. No. 39).

**I.    Preliminary Injunction (Dkt. No. 25)**

        The document docketed at Dkt. No. 25 is not a motion; it is a proposed order. Dkt. No. 25. It proposes that the court order defendant Kevin A. Carr, Secretary of the Wisconsin Department of Corrections (DOC), to appear at the courthouse to show cause "why a preliminary injunction should not issuer [*sic*] . . . enjoying [*sic*] the defendants . . . from forcing [the plaintiff] to take, and participate in Sex Offender treatment/evaluation classes." Id.

        The plaintiff filed a three-page brief relating to that order, and a declaration. Dkt. Nos. 26, 27. In the brief, the plaintiff explains that he seeks a

preliminary injunction and/or temporary restraining order (TRO) precluding the defendants from forcing him to participate in sex offender evaluation classes while he is incarcerated in DOC institutions. Dkt. No. 26 at 1. The court allowed the plaintiff to proceed on a claim about these classes under RLUIPA; the amended complaint also seeks injunctive relief prohibiting the DOC from forcing him to attend these classes. Dkt. No. 14 at 18. The plaintiff says in the brief (as he did in the amended complaint) that he has been forced to attend these classes even though he is not a registered sex offender and has never been charged with a sex crime. Dkt. No. 26 at 1. He says that even though all his criminal cases are closed, his social worker informed him that he still must take these classes while the "investigation is ongoing." Id. It is not clear what investigation he refers to, but the plaintiff reiterates that he was not charged with sexual assault. Id. In his declaration, the plaintiff says his social worker told him on August 18, 2023 that "SOT program placement was considered at IC, but movement to SCI [Stanley Correctional Institution, where the plaintiff is incarcerated] occurred due to bed space management needs. SOT2 placement can be reconsidered at the next scheduled RC." Dkt. No. 27.

The plaintiff asserts that "the continuing deprivation of [his] constitutional rights" caused by his being forced to attend the classes "constitutes irreparable harm" Dkt. No. 26 at 2. He says that his past and "potential suffering if he is forced to continue the classes are enormous." Id. He does not elaborate, but he asserts that the defendants will face no "suffering" because they can place another incarcerated person in the plaintiff's seat in the

classes and continue to "receive the federal grant money they were looking for." Id. He says this "hardship amounts to no more than business as usual." Id. The plaintiff also says he has a great likelihood of success on the merits of his RLUIPA claim about the classes and asserts that the DOC "put a substantial burden on [his] religious beliefs." Id. He cites several cases from other federal circuits in support of these statements. The plaintiff also asserts that granting him relief will serve the public interest "because it is always the public interest [*sic*] for prison officials to obey the law, especially the Constitution." Id. at 3 (citing cases). Finally, the plaintiff asks to be excused from posting security under Federal Rule of Civil Procedure 65(c) because he is indigent. Id.

The defendants oppose the motion. Dkt. No. 29. The defendants assert that the plaintiff has not demonstrated he will suffer irreparable harm. Id. at 3. They explain that the statement from the plaintiff's social worker shows he was only *considered* for placement in SOT, which they explain stands for Sex Offender Training, and that his placement into the SOT2 classes "can be reconsidered." Id. Thus, they argue, the plaintiff is *not* currently taking the classes, and there only is a *possibility* that he may be required to take them. Id. They say that because there is no evidence that the plaintiff is at risk of imminent harm, if he is at risk at all, the court should deny his motion. Id. at 3–4.

The defendants also assert that the plaintiff has not explained why granting his request is in the public interest. Id. at 4. They contend that, "Rehabilitation of incarcerated individuals is in the best interest of the inmate

3

Case 2:23-cv-00256-PP   Filed 11/09/23   Page 3 of 12   Document 42

as well as the public." Id. They also assert that the plaintiff has not explained how the threat of harm to him outweighs the possible harm to the defendant because, as explained above, there is no evidence that the plaintiff is currently facing the harm of being enrolled in the classes. Id. Finally, the defendants argue that the relief the plaintiff seeks is the same as "the ultimate relief" he seeks in his lawsuit, which is a prohibition against the DOC forcing him to attend the classes. Id. The defendants say that the plaintiff's request "'asks for more than a return to the status quo,'" so the court should deny it. Id. (quoting Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 383 (7th Cir. 1984)).

In his reply brief, the plaintiff says that the defendants "have forgotten about the DAI Instrument for Custody Classification (IFCC) Mandatory Restrictors." Dkt. No. 37 at 1. The plaintiff says that when he was returned to DOC custody on February 8, 2023, he "was assigned to SOT2" and is therefore "still being forced to take these SOT classes which are against his religion." Id. He cites an attached exhibit that defines the "Mandatory restrictors" for individuals in the custody of the Division of Adult Institutions (DAI). Dkt. No. 37-1. One of the restrictors is "Unmet Assigned Sex Offender Treatment (SOT) Needs." Id. The form says, "Individuals who have one or more of the following mandatory restrictors are excluded from being classified minimum and minimum community custody." Id. (underlining omitted). This form is not specific to the plaintiff and does not say anything about whether he is currently enrolled in SOT classes or scheduled to be enrolled in them, nor does it say whether the plaintiff must complete the classes.

4
Case 2:23-cv-00256-PP   Filed 11/09/23   Page 4 of 12   Document 42

The plaintiff reiterates that he was not charged or convicted of a sexual offense, and he suggests there is nothing for which he needs to be rehabilitated. Dkt. No. 37 at 1. He says the classes will not benefit him and will "violate his religious tenets." Id. The plaintiff also asserts that by being forced to take the SOT2 classes, he will not be able to take classes through the Earned Release Program, "like how to reduce the incidence of future criminal behaviours, gaining a cognitive behavioral restructuring, social skill building, [and] problem solving." Id.

To obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff can establish those three threshold factors, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. See id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). The balancing analysis "involves a 'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the

movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

In the context of litigation by incarcerated persons, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting that the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The plaintiff has not satisfied the threshold requirements to obtain a preliminary injunction. The plaintiff says that he has a great likelihood of success on the merits, but he does not explain how or why he will succeed. The plaintiff must show more than "a mere possibility of success" to demonstrate his entitlement to a preliminary injunction. Ill. Republican Party v. Pritzker, 973 F.3d 760, 762 (7th Cir. 2020). He must make a "'strong' showing" that he is likely to succeed, which "normally includes a demonstration of how the applicant proposes to prove the key elements of its case." Id. at 763 (7th Cir. 2020). The plaintiff has not explained how he will prove any element of his case. He insists he will succeed, but cites cases from other jurisdictions

without explaining how those cases are relevant or helpful to his claims. That the court allowed the plaintiff to proceed on his RLUIPA claim does not mean he is likely to succeed on the merits of that claim. The standard to proceed beyond screening is far lower than the standard to survive a motion to dismiss or a motion for summary judgment or ultimately to prevail at trial. See Hoeft v. Kasten, 691 F. Supp. 2d 927, 931 (W.D. Wis.), aff'd, 393 F. App'x 394 (7th Cir. 2010) (comparing the standard for stating a claim to the standard for defeating a motion for summary judgment). Because the plaintiff has not explained how he is likely to succeed on the merits of his case, the court could deny his motion without addressing the other threshold requirements to obtain a preliminary injunction. See Cassell v. Snyders, 990 F.3d 539, 544–45 (7th Cir. 2021).

The plaintiff also has not demonstrated that he will suffer irreparable injury if the court does not grant a preliminary injunction. The defendants point out that the plaintiff's own declaration shows he is not currently enrolled in the SOT classes but was only "considered" for them and may be "reconsidered" for them later. Dkt. No. 27. The plaintiff does not refute the defendants' assertion that he is not currently attending or required to attend these classes. The document that the plaintiff attached to his reply brief explains the DAI's mandatory restrictors, but it says nothing about the plaintiff's specific treatment or requirements. It does not state whether any of the described restrictors applies to him, nor does it state whether the DAI or the plaintiff's institution had mandated that he take the classes. It provides

only general information about the programs that the DAI requires for some incarcerated individuals. The plaintiff has not shown that he is enrolled in these classes or that it is mandatory for him to enroll in them. His suggestion that he will suffer irreparable harm is speculative at best, which is insufficient to justify a preliminary injunction. See Orr v. Shicker, 953 F.3d 490, 501 (7th Cir. 2020) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (noting that a preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury").

The court will deny the plaintiff's motion for a preliminary injunction or a temporary restraining order. Because the plaintiff has not satisfied his threshold burden to show that he is likely to succeed on the merits of his case or that he will suffer irreparable injury without a preliminary injunction, the court need not consider the public interest in granting or denying the injunction or weigh the balance of hardships on the parties. See Cassell, 990 F.3d at 544–45; Am. Hosp. Ass'n v. Harris, 625 F.2d 1328, 1331 (7th Cir. 1980).

## II.     Motion for Default Judgment (Dkt. No. 36)

On October 10, 2023, the court received the plaintiff's request that the clerk enter the default of Lieutenants Beauvias and Wilson "for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure;" the plaintiff dated the request October 3, 2023. Dkt. No. 30. On October 23, 2023, the court received the plaintiff's motion for default judgment against those defendants; the plaintiff dated that motion October 16, 2023. Dkt. No. 36.

The court issued a screening order on August 3, 2023; in that order, it required the U.S. Marshals Service to serve a copy of the amended complaint and the screening order on Lieutenants Wilson and Beauvias. Dkt. No. 14 at 23. The next day, the court transmitted that order and the amended complaint to the U.S. Marshals for service on the lieutenants and defendant Joseph Teigen. Dkt. No. 15. On September 5, 2023, defense counsel entered a notice of appearance on behalf of the lieutenants and returned the waiver of service for both. Dkt. Nos. 18–20. The waivers of service stated that Lieutenants Wilson and Beauvias "must file and serve an answer or a motion under Rule 12 within 60 days from 08/22/2023." Dkt. Nos. 19, 20. Because the sixtieth day—October 21, 2023—fell on a Saturday, the lieutenants had until October 23, 2023 to file an answer or a Rule 12 motion. On October 11, 2023, the court received Lieutenants Wilson and Beauvias's answer to the plaintiff's amended complaint. Dkt. No. 28. Because the court received that answer almost two weeks before the October 23, 2023 deadline, the answer was timely filed, which means that the defendants did not default.

The plaintiff's October 3, 2023 request for entry of default and his October 16, 2023 motion for default judgment were premature. The lieutenants had until October 23, 2023 to file their answer to the plaintiff's amended complaint, and they filed the answer on October 11, 2023—twelve days ahead of the deadline. The court will deny the plaintiff's motion for default judgment because the plaintiff filed it prematurely, and because the lieutenants did not default.

### III. Motion to Strike Answer and Affirmative Defenses (Dkt. No. 39)

On October 26, 2023, the court received the plaintiff's motion to strike Lieutenant Wilson and Beauvias's answer to his amended complaint and affirmative defenses. Dkt. No. 39. The plaintiff says that under Federal Rule of Civil Procedure 12(a)(1), the defendants were required to file an answer or a motion within twenty-one days following service of the summons and complaint. Id. He asserts that Wilson and Beauvias are in default because they did not timely file an answer by that twenty-one-day deadline, and neither filed a Rule 12 motion or requested an extension of time to answer the complaint. Id. at 1–2. He acknowledges that he received the answer from defense counsel, but asserts that she sent it to the wrong institution (Dodge Correctional Institution instead of Stanley Correctional Institution). Id. (citing Dkt. No. 39-1, which also is Dkt. No. 33). The plaintiff says that because "defendant Teigen was able to answer the complaint within the 21 day rule, Lt. Willson [*sic*] and Lt. Beauvias should have been too." Id. at 2. He asks the court to strike the lieutenants' answer and affirmative defenses "on the grounds that they are time barred." Id.

As the court explained above, Lieutenants Wilson and Beauvias are not in default. The plaintiff is correct that under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant "must serve an answer . . . within 21 days after being served with the summons and complaint." But the full text of that rule states, "A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; **or** (ii) if it has timely waived service under Rule

10

Case 2:23-cv-00256-PP   Filed 11/09/23   Page 10 of 12   Document 42

4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(A) (emphasis added). Lieutenants Wilson and Beauvias timely waived service of the summons. Dkt. Nos. 19, 20. That means that they were not required to file their answer within twenty-one days of service. Instead, under Rule 12(a)(1)(A)(ii), and as the court explained above, they had sixty days from the date of their waiver of the summons—until October 23, 2023—to answer or otherwise respond. They timely filed the answer on October 11, 2023. Although counsel sent that document to the wrong institution, the court can infer that the plaintiff received a copy because he now moves to strike the answer and he attached the certificate of service of the answer to his motion. Dkt. No. 39-1.

The court will deny the plaintiff's motion to strike the lieutenants' answer and affirmative defenses because they timely filed their answer and they are not in default. There are no grounds for the court to strike the answer and affirmative defenses. The court advises the plaintiff to carefully read all court filings and the applicable Federal and Civil Local Rules to avoid future unnecessary requests and motions.

### IV. Conclusion

The court **DENIES** the plaintiff's motion for a preliminary injunction or a temporary restraining order. Dkt. No. 25.

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 36.

11
Case 2:23-cv-00256-PP   Filed 11/09/23   Page 11 of 12   Document 42

The court **DENIES** the plaintiff's motion to strike Lieutenant Wilson and Beauvias's answer to the amended complaint and affirmative defenses. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 9th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**