UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES B. GILL, SR.,

     Plaintiff,

v.              Case No. 23-cv-256-pp

JOSEPH TEIGEN, *et al.*,

     Defendants.

---

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (DKT. NO. 85)**

---

On July 24, 2024, the court denied the plaintiff's motion for partial summary judgment, granted the Department of Corrections (DOC) defendants' motion for summary judgment on exhaustion grounds and dismissed the plaintiff's RLUIPA claim for his failure to exhaust administrative remedies before bringing that claim. Dkt. No. 90. The court also dismissed DOC Secretary Kevin A. Carr as a defendant because he was named only for purposes of responding to the RLUIPA claim. Id. at 1, n.1, 30.

Two months earlier—on May 24, 2024—the plaintiff had filed a second motion for a preliminary injunction and temporary restraining order (TRO) prohibiting the DOC and Secretary Carr from forcing him to attend and participate in sex offender training or evaluation classes. Dkt. No. 85. The court did not rule on that motion in its July 24, 2024 order dismissing the plaintiff's RLUIPA claim. But the court had denied the plaintiff's first motion for a preliminary injunction and TRO seeking the same relief. Dkt. No. 42.

"The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits." Am. Hosp. Ass'n v. Harris, 625 F.2d 1328, 1330 (7th Cir. 1980) (citation omitted). "A party seeking a preliminary injunction must satisfy all three requirements in the 'threshold phase' by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." HH-Indianapolis, LLC v. Consol. City of Indianapolis and Cnty. of Marion, Ind., 889 F.3d 432, 437 (7th Cir. 2018) (citing Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008)). Because the third element requires the party seeking injunctive relief to show some likelihood of success on the merits of the claims in his lawsuit, a preliminary injunction is not appropriate when "it deals with a matter lying wholly outside the issues in the suit." Prucha v. Watson, Case No. 20-cv-00199, 2021 WL 11086448, at *2 (S.D. Ind. Dec. 15, 2021) (quoting DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)); see also Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (quoting Devose, 42 F.3d at 471).

The court will deny the plaintiff's motion for a preliminary injunction and TRO. The plaintiff cannot show that he is likely to succeed on the merits of his RLUIPA claim because the court has dismissed that claim from this lawsuit and has dismissed Secretary Carr as a defendant. Because the court dismissed the plaintiff's RLUIPA claim, there will be no "final hearing on the merits" of that claim, Am. Hosp. Ass'n, 625 F.2d at 1330, and his motion for a preliminary injunction based on the dismissed RLUIPA claim "deals with a matter lying wholly outside the [remaining] issues in the suit," Prucha, 2021 WL 11086448, at *2. The plaintiff cannot seek injunctive relief against the DOC for claims that are no longer a part of this lawsuit.

The court **DENIES** the plaintiff's second motion for a preliminary injunction and temporary restraining order. Dkt. No. 85.

Dated in Milwaukee, Wisconsin this 15th day of August, 2024.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**

3
Case 2:23-cv-00256-PP   Filed 08/15/24   Page 3 of 3   Document 92